UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

ELMER EUGENE GOINS     PLAINTIFF

v.     CIVIL ACTION NO. 3:10-CV-386-S

CITY OF SHIVELY, et al.     DEFENDANTS

## MEMORANDUM OPINION

This matter is before the court on the motion of defendants City of Shively and Ronnie E. Vittitoe, in his capacity as Police Officer of the City of Shively (collectively, "Defendants") to dismiss the claims of plaintiff Elmer Eugene Goins ("Goins") (DN 17) pursuant to FED. R. CIV. P. 12. Goins has responded (DN 18), and the Defendants have replied (DN 19). For the reasons set forth herein, the Defendants' motion will be **DENIED**.

## BACKGROUND

Goins was arrested at his home by Officer Vittitoe on May 4, 2009. Compl. ¶ 4. He was charged with operating a motor vehicle under the influence of alcohol and first-degree disorderly conduct. *Id.* On October 14, 2009, Goins pleaded guilty in Jefferson County, Kentucky, District Court to an amended charge of disorderly conduct in the second degree. The charge of operating a motor vehicle under the influence of alcohol was dismissed.

On May 12, 2010, Goins sued the Defendants in Jefferson County, Kentucky, Circuit Court, claiming that his arrest was undertaken without probable cause and that Officer Vittitoe used excessive force in taking Goins into custody. Goins brought both a federal Fourth Amendment claim pursuant to 42 U.S.C. § 1983 and a claim for false arrest under Kentucky law.

The Defendants removed the case to this court on federal question grounds on June 2, 2010, and now move to dismiss Goins' federal claims.

**ANALYSIS**

"When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the district court must accept all of the allegations in the complaint as true, and construe the complaint liberally in favor of the plaintiff." *Lawrence v. Chancery Court of Tenn.*, 188 F.3d 687, 691 (6th Cir. 1999). The motion must be denied "'unless it can be established beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.'" *Achterhof v. Selvaggio*, 886 F.2d 826, 831 (6th Cir. 1989) (quoting *Nishiyama v. Dickson Cnty.*, 814 F.2d 277, 279 (6th Cir. 1987)).

Defendants argue that Goins' federal claims against them are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and therefore must be dismissed. In *Heck*, the United States Supreme Court held:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.
>
> *Heck*, 512 U.S. at 486–87 (citations omitted) (emphasis in original).

Stated differently, "pleading guilty to a criminal charge estops the plaintiff from challenging probable cause for the arrest for that violation for purposes of a section 1983 claim . . . ."

*Helfrich v. City of Lakeside Park*, No. 2008-210(WOB), 2010 WL 3927475 at *1 (E.D. Ky. Oct. 4, 2010).

**I. Goins' False Arrest Claim**

Defendants claim that because Goins pleaded guilty to second-degree disorderly conduct and because that conviction has not been invalidated or called into question, he may not pursue a § 1983 claim for false arrest. Goins asserts that he does not contest his arrest for disorderly conduct. Instead, he states that his false arrest claim is premised on his arrest for driving under the influence – a charge that was later dismissed. Thus, Goins claims, while *Heck* bars his false arrest claim with respect to his disorderly conduct arrest, it does not bar his false arrest claim with respect to his arrest for driving under the influence.

Defendants argue against this proposed bifurcation of Goins' false arrest claims, citing *Helfrich, supra*. In *Helfrich*, the plaintiff was arrested and charged with disorderly conduct, alcohol intoxication, resisting arrest, and assault in the third degree. *Helfrich, supra*, at *1. The plaintiff pleaded guilty to the disorderly conduct charge, into which the charges for alcohol intoxication and resisting arrest were merged, while the assault charge was dismissed. *Id.* The District Court held that *Heck* barred any claim for false arrest despite the dismissal of one charge because the plaintiff's alleged offenses "were all related and based on the same unbroken chain of events occurring close in time." *Id.*[1] The District Court distinguished these circumstances from those present in *Sandul v. Larson*, No. 94-1233, 1995 WL 216919 (6th Cir. Apr. 11, 1995),

---

[1] In reaching this conclusion, the District Court relied on Sixth Circuit precedent governing qualified immunity for false arrest claims, noting that "even where probable cause is lacking to arrest [a] plaintiff for the crime charged, proof that probable cause existed to arrest plaintiff for another offense may entitle the arresting officer to qualified immunity on a false arrest claim under § 1983." *Id.*

noting that in *Sandul*, "the plaintiff was charged with two unrelated offenses arising out of different conduct which occurred at different locations," *id.*, and the Sixth Circuit found that the district court erred in not considering the propriety of the arrest for both offenses when applying the *Heck* doctrine.

Defendants urge this court to follow *Helfrich*, asserting that, as in *Helfrich*, "[Goins'] driving under the influence of alcohol and disorderly conduct charges were 'related and based on the same unbroken chain of events occurring close in time' on the evening of May 4, 2009." Def.'s Reply (DN 19) at 2. However, the record is devoid of evidence to support the defendants' characterization of Goins' arrest. Although it is possible that *Helfrich* may prove instructive in this case, it is impossible for the court to determine at this point whether Goins' alleged offenses were part of an "unbroken chain of events," and thus both subject to the *Heck* bar, or, as in *Sandul*, "[arose] out of different conduct which occurred at different locations." *Sandul, supra.* Without additional evidence about the circumstances of Goins' arrest, the court cannot hold that *Helfrich's* application of *Heck* applies here. Accordingly, the Defendants' motion to dismiss Goins' false arrest claim will be denied.

## II. Goins' Excessive Force Claim

*Heck* generally does not bar excessive force claims because "a claim of excessive force does not necessarily relate to the validity of the underlying conviction and therefore may be immediately cognizable." *Schreiber v. Moe*, 596 F.3d 323, 334 (6th Cir. 2010) (quoting *Swiecki v. Delgado*, 463 F.3d 489, 493 (6th Cir. 2006) (abrogated on other grounds by *Wallace v. Kato*, 549 U.S. 384 (2007)). There are two circumstances, however, where the *Heck* bar applies to excessive force claims: when the criminal provision under which the plaintiff is convicted makes

the lack of excessive force an element of the crime or when excessive force is an affirmative defense to the crime. *Id.* For instance, under Ohio law, the crime of resisting arrest requires the state to prove that the defendant was interfering with a "lawful" arrest. *See White v. Ebie*, No. 98-3958, 1999 WL 775914 at *1 (6th Cir. 1999). An arrest is not considered "lawful" if it was made using excessive force. *Id.* Thus, a conviction for resisting arrest in Ohio necessarily carries with it a finding that the arrest was lawful and the force used was reasonable, and any claim for excessive force is barred by the *Heck* doctrine.

Citing *City of Lexington v. Gray*, 499 S.W.2d 72 (Ky. App. 1973), Defendants claim that a conviction for disorderly conduct in Kentucky carries with it an implicit finding that the force applied against the defendant in effecting the defendant's arrest was reasonable. However, while the plaintiff in *Gray* was being arrested for disorderly conduct when she was allegedly assaulted, *Gray* did not speak to whether reasonable force in the arrest was an element of or a defense to the crime of disorderly conduct.[2] Rather, the holding in *Gray* addressed the proper way to instruct a jury in a civil action for assault and battery against a police officer. *See id.* at 74–75. Because the Defendants have presented this court with no authority supporting the proposition

---

[2]The Kentucky statute setting forth the crime of disorderly conduct in the second degree does not mention the force used against the defendant in effecting an arrest for the offense:

> (1) A person is guilty of disorderly conduct in the second degree when in a public place and with intent to cause public inconvenience, annoyance, or alarm, or wantonly creating a risk thereof, he:
>
> (a) Engages in fighting or in violent, tumultuous, or threatening behavior;
> (b) Makes unreasonable noise;
> (c) Refuses to obey an official order to disperse issued to maintain public safety in dangerous proximity to a fire, hazard, or other emergency; or
> (d) Creates a hazardous or physically offensive condition by any act that serves no legitimate purpose.
>
> KY. REV. STAT. § 525.060.

that a finding of excessive force in the arrest would undermine Goins' conviction for disorderly conduct, Goins' excessive force claim may proceed.

For the foregoing reasons, the Defendants' motion to dismiss will be denied. A separate order will issue in accordance with this opinion.